Tayeor, C(lief-Justice.
 

 This case depends upon the construction of the act of 1777, concerning costs, and the principles of pleading as applicable to the particular defence relied upon by the administrator. The act
 
 provides,
 
 that in ail cases whatsoever, the party in whose favor judgment shall be given, shall be entitled to full costs, uuless where it is or may be otherwise directed by
 
 *232
 
 statute. Was judgment given in favor of the Defendant in the original action ? No rule of pleading is better
 
 °
 
 ° settled at common law, than if the Plaintiff joins issue upon the plea of
 
 plene
 
 administravit, and it be found against him, the judgment is that he take nothing by his bill, Jn such case, the Defendant goes without day, and the Plaintiff is concluded from all further proceeding against him. It is only where he confesses the plea to be true, thpt the Plaintiff is entitled to a judgment
 
 quan-do. (Cro. Cur.
 
 373.
 
 Comyn’s Pleader 2 D.
 
 9.) It has also been lately decided, in the case of
 
 Hogg
 
 v.
 
 Graham,
 
 cited from 4
 
 Taunton,
 
 134, that if upon the pleas of
 
 non assumpsit
 
 and
 
 plene administravit,
 
 the Plaintiff joined' issue, and omitted to pray judgment of assets
 
 quando,
 
 the first Issue being found for the Plaintiff, and the second
 
 for the Defendant,
 
 the Defendant is entitled to the postea and
 
 general costs.
 

 An exceptionto the rule of praying judgment
 
 quando
 
 is made by our act of 1794, in those cases where the administrator sells upon a credit, and the money has not been recen ed at the time of trial. There it shall be liable to the satisfaction of judgments previously obtained, and entered up as judgments when assets should come to the hands of the executor or administrator. It is necessary however, in that case, to bring the administrator in again upon a
 
 scire facias.
 
 — As to the question of costs, it was decided in
 
 Wellborn
 
 v.
 
 Gordon,
 
 (1
 
 Mur.
 
 502) to which the practice has since conformed.-1-think the judgment should be affirmed.
 

 Per curiam. Judgment affirmed.